UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDGAR MUNOZ,

    Petitioner,

-vs-                                                  Case No. 8:05-CV-1483-T-27MAP

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## ORDER

Petitioner, Edgar Munoz (hereinafter "Munoz"), petitions for the writ of habeas corpus pursuant to Title 28 U.S.C. § 2254 (Dkt. 1). Munoz challenges his conviction for first degree murder entered by the Sixth Judicial Circuit, Pinellas County, Florida. Respondent filed a response incorporating a motion to dismiss the petition as untimely (Dkt. 13). Munoz filed a reply to the response (Dkt. 17).

**PETITION IS TIME-BARRED**

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under

this subsection." 28 U.S.C. § 2244(d)(2).

Munoz signed his federal habeas petition on August 3, 2005 (Dkt. 1 at 30). The petition raises three grounds for relief: 1) insufficient evidence supporting the verdict; 2) denial of a fair trial because the court failed to swear in the prospective jury venire before voir dire; and 3) counsel provided ineffective assistance for failing to object to the jury venire and request a new jury panel.

**Timeliness Analysis**

Following a jury trial, Munoz was found guilty of first degree murder, and on June 30, 1999, he was sentenced to life in prison (Dkt. 14, Ex. 2 at page 2). Munoz appealed his conviction; however, on August 4, 2000, the state district court of appeal *per curiam* affirmed without written decision in case no. 2D99-3133. (*See Munoz v. State*, 771 So. 2d 534 (Fla. 2d DCA 2000)[table]; Dkt. 14, Ex. 5). According to Respondent, Munoz's motion for rehearing en banc was denied on October 10, 2000 (Dkt. 13 at page 2). The appellate court mandate issued on November 7, 2000 (Dkt. 14, Ex. 6). Munoz did not seek certiorari review in the United States Supreme Court (Dkt. 1 at page 3).

Munoz's conviction became final on January 8, 2001, ninety (90) days after the denial of his motion for rehearing en banc [on October 10, 2000.] *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review). *See also Clay v. United States*, 537 U.S. 522, 526-27 (2003)(The 90 days allowed for filing a petition for writ of certiorari begins on the date the appellate court issues its opinion on the direct appeal, not from the date the appellate court issues its mandate). Munoz's one-year time period began to run on January 9, 2001, and the one-year statute of limitation expired on January 8, 2002,

absent tolling pursuant to 28 U.S.C. § 2244(d)(2). Munoz filed his state 3.850 motion for post-conviction relief on September 27, 2002 (*see* Dkt. 14, Ex. 7)[1], more than nine months after the limitation period expired, and more than 626 days after his conviction became final. Accordingly, his federal petition is untimely.[2]

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). Petitioner has failed to show that any extraordinary circumstance beyond his control made it impossible for him to file his petition for writ of habeas corpus in a timely manner. *See Helton v. Sec. for the Dept. of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

In his reply, Munoz essentially admits that his federal habeas petition is untimely, but claims that he is entitled to equitable tolling because he filed a timely state post conviction Rule 3.850

---

[1] Munoz's 3.850 motion did not toll the limitations period because it was filed approximately nine months after the one-year period had expired on January 8, 2002. Any collateral application filed after expiration of the one-year period, even if properly filed, has no tolling effect. In *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert denied*, 534 U.S. 1144 (2002), the Eleventh Circuit reiterated its holding in *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Id.*

[2] After affirming the denial of Munoz's 3.850 post-conviction motion, the state appellate court issued its mandate on February 5, 2004 (Dkt. 14, Ex. 15-16). Therefore, even if the limitations period was considered reinitiated upon Munoz's filing of his 3.850 motion, which it was not, he had until February 5, 2005 to file his federal habeas petition. He did not file his federal petition until August 3, 2005.

3

motion (Dkt. 17). Even though Munoz's state Rule 3.850 motion may have been timely under state law, that motion was filed after the § 2244 one year limitation period expired, and cannot toll the statutory period or "reinitiate" the time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Munoz has not alleged any facts which would show that, with due diligence, he was prevented from filing a timely federal petition.

**Actual Innocence**

In his reply, Munoz argues that even if his petition is untimely, this Court must review the merits of his claims because he is "actually innocent" of the charge for which he stands convicted (Dkt. 17). Actual innocence, however, does not support equitable tolling of the applicable limitation period. *See Taylor v. Secretary, Dept. of Corrections*, 230 Fed. Appx. 944 (11th Cir. 2007)("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because Taylor has failed to make a substantial showing of actual innocence.").[3]

Even if a claim of actual innocence might support an equitable tolling of the limitation period, Munoz does not sufficiently state a claim of actual innocence. Munoz asserts he is "'factually innocent,' as evidenced by the state court records and the facts contained in Petitioner's habeas petition..." (Dkt. 17 at page 2). Notwithstanding, he offers no new, reliable factual evidence which might otherwise support a claim of actual innocence. In the context of overcoming a procedural default, a claim of actual innocence must include credible evidence, that is, "new reliable

---

[3] In this Circuit, actual innocence is not a cognizable claim in non-capital habeas cases. *Jordan v. Secretary, Dept. of Corrections*, 485 F.3d 1351, 1356 (11th Cir. 2007)("For what it is worth, our precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases.").

evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *House v. Bell*, 547 U.S. 518 (2006). Munoz's burden is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt. *House*, 547 U.S. at 537. Assuming, without deciding, that a claim of actual innocence could support equitable tolling, Munoz has not satisfied the threshold of an actual innocence claim at the gateway stage discussed in *Schlup* and *House*.

ACCORDINGLY, the Court **ORDERS** that:

1. Munoz's petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

2. The **Clerk** is directed to enter judgment against Munoz, terminate all pending motions, and close this case.

**DONE AND ORDERED** in Tampa, Florida on _APRIL 3rd_, 2008.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc

Copy furnished to:
All Parties/Counsel of Record